UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KHALID MOHAMMAD,<br><br>Plaintiff,<br><br>v.<br><br>THE KING CITY POLICE DEPARTMENT,<br><br>Defendant. | Case No. 17-cv-00615-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND; DENYING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>[Re: ECF 18] |

Plaintiff Khalid Mohammad, proceeding *pro se* and *in forma pauperis* ("IFP"), brings this civil rights action against the King City Police Department ("KCPD"). *See generally* First Am. Compl. ("FAC"), ECF 11. Plaintiff alleges that a KCPD officer, "KCPD-DOE," acting in his official capacity, arrested him on November 16, 2004, in King City, California. *Id.* ¶ 4. He further alleges that he was incarcerated in California from that date until December 4, 2011, "without prosecution, without a sentence, without a court order, without an underlying conviction, without a verdict of guilty, without a plea of guilty, without a finding of guilt[ ], without any admission(s) of guilt [ ], and/or without any consent from the plaintiff[.]" *Id.* For this conduct, Plaintiff brings claims under California Government Code §§ 815–818.92 and 42 U.S.C. § 1983. *Id.* ¶ 12. As to the latter, Plaintiff seeks to hold KCPD liable "under the standard established by the United States Supreme Court in *Monell v. Department of Social Services*," 436 U.S. 658 (1978), and for unlawful imprisonment in violation of the Fourteenth Amendment. *Id.*

KCPD seeks to dismiss Mohammad's FAC without leave to amend pursuant to Fed. R. Civ. P. 12(b)(6). *See* Mot., ECF 18. Plaintiff did not file an opposition to Defendant's motion, and Defendant filed a notice of no opposition. ECF 20. For the reasons stated herein, KCPD's motion to dismiss the FAC is GRANTED WITHOUT LEAVE TO AMEND. Defendant has also

filed a request for judicial notice, which the Court DENIES. ECF 19.

## I. BACKGROUND

Plaintiff alleges the following facts in his First Amended Complaint: KCPD-DOE arrested and incarcerated Mr. Mohammad from November 16, 2004 through December 4, 2011, "without prosecution, without a sentence, without a court order, without an underlying conviction, without a verdict of guilty, without a plea of guilty, without a finding of guilty, without any admission(s) of guilt by the plaintiff, and/or without any consent from the plaintiff[.]" FAC ¶ 4. Mohammad avers that he is actually innocent and informed KCPD-DOE of his innocence, and yet, KCPD-DOE ignored his claims and proceeded with the unlawful imprisonment. *Id.* ¶ 8. Mohammad further claims that after his release, he filed multiple Petitions for a Writ of Habeas Corpus in state court to establish his innocence, all of which were denied on procedural grounds. *Id.* ¶ 10.

Mohammad brings claims under California Government Code §§ 815–818.92 and 42 U.S.C. § 1983. *Id.* ¶ 12. Specifically, he alleges that KCPD and KCPD-DOE engaged in a scheme to detain, arrest, and incarcerate him without cause or authority to do so. *Id.* ¶¶ 12–13. He further alleges that he suffered irreversible harm as a result of this scheme: loss of liberty, loss of income, and loss of his mortgage. *Id.* ¶ 13.

This is the third time Mr. Mohammad has filed a claim arising out of his arrest and subsequent incarceration. *See Mohammad v. Cal. Dep't of Corrs.* (*Mohammad I*), No. 14-cv-03837 (N.D. Cal. filed Aug. 25, 2014); *Mohammad v. King City Police Dep't* (*Mohammad II*), No. 16-cv-02903 (N.D. Cal. filed May. 31, 2016). In *Mohammad I*, Plaintiff brought suit against the California Department of Corrections ("CDCR") and four Doe defendants. *See generally* Compl., *Mohammad I*, ECF 1. The Court dismissed the claims against the CDCR, finding them barred by the Eleventh Amendment to the U.S. Constitution. Order Granting Def. CDCR's Mot. Dismiss 1, *Mohammad I*, ECF 16. Thus, only the claims against the four Doe defendants remained. *Id.* Because Mohammad failed to attend the initial case management conference and then further failed to respond to the order to show cause, this Court dismissed the action. Order Dismissing Case, *Mohammad I*, ECF 21.

In *Mohammad II*, Plaintiff's complaint contained substantially the same allegations and

2

defects as the FAC currently before the Court. Compl., *Mohammad II*, ECF 1. Because of these defects, defendant brought motions to dismiss and to quash. This Court granted defendant's motion with leave to amend because it found that Mohammad had not properly served the defendant and had not sufficiently alleged facts to show an entitlement to tolling of the limitations period. Order Granting Mot. to Dismiss & Mot. to Quash, *Mohammad II*, ECF 22. Instead of filing an amended pleading, Plaintiff filed an appeal to the Ninth Circuit, which was dismissed for lack of jurisdiction. Order Dismissing Appeal, *Mohammad v. King City Police Dep't*, No. 16-17175 (9th Cir. Dec. 13, 2016), ECF 25. This Court subsequently extended the deadline for Mohammad to file an amended complaint. Because Plaintiff failed to file an amended complaint within the deadline set by the Court, the Court dismissed the action. Order Dismissing Case, *Mohammad II*, ECF 30. Plaintiff then filed the instant action.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. JUDICIAL NOTICE

Before addressing Plaintiff's claims, the Court considers Defendant's request for judicial

notice. Req. Judicial Notice ("RJN"), ECF 19. While the scope of review on a motion to dismiss is generally limited to the contents of the complaint, under Fed. R. Evid. 201(b), courts may take judicial notice of facts that are "not subject to reasonable dispute." *See Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (permitting a court to take judicial notice of "matters of public record"). Here, KCPD requests that the Court take judicial notice of two documents: (1) the Court's prior order granting Mohammed leave to proceed IFP and (2) the District Attorney's record of Plaintiff's plea of guilty to his charge under California Penal Code § 646.9(a). *See generally* RJN 2. As to the former, because the Court can consider documents on the docket without taking judicial notice thereof, the Court DENIES KCPD's request. The Court also DENIES Defendant's request to take judicial notice of the District Attorney's record of Plaintiff's plea of guilty because it is not a "public record," but rather hearsay notes of a deputy district attorney. Further, there is no need to consider it.

## IV. DISCUSSION

KCPD makes two arguments in support of its motion to dismiss. First, KCPD contends that it is not a proper defendant pursuant to 42 U.S.C. § 1983. Second, KCPD argues that Mohammad's claims have no merit and, in any event, are barred by the statute of limitations. *See generally* Mot. The Court addresses each argument in turn.

### A. KCPD is Not a Proper §1983 Defendant

KCPD's primary argument in favor of dismissal is that it is not a proper defendant under section 1983. Mot. 4. The Court agrees. Section 1983 provides, in relevant part, that "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party." 42 U.S.C. § 1983 (emphasis added). "The term 'persons' encompasses state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law and local governmental entities." *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996); *Daniels v. Med. Servs. Div.*, No. 15-cv-30, 2015 WL 687113, at *3–4 (S.D. Cal. Feb. 18, 2015). However, the King City Police Department is a municipal department within the City of King

4

City, and thus, is not as a general matter, considered a "person" within the meaning of Section 1983. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J. concurring) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of Section 1983."); *Rodriguez v. Cty. of Contra Costa*, No. C 13-2516, 2013 WL 5946112, at *3 (N.D. Cal. Nov. 5, 2013). Therefore, to the extent that Mohammad seeks to hold KCPD liable under §1983, his claims are defective. For this reason, the Court GRANTS KCPD's motion to dismiss on this ground.

Because courts are to broadly construe pleadings filed by pro se litigants and give such plaintiffs "the benefit of any doubt," *see, e.g.*, *Bretz v. Kelman*, 773 F.2d 1026 (9th Cir. 1985), this Court would ordinarily allow Mohammad a final opportunity to amend his pleadings to name a proper defendant. However, because Mohammad's claims are barred by the statute of limitations, as discussed below, and because Mohammad has had several opportunities to rectify the deficiency, the Court does not do so here.

**B. Mohammad's Claims are Time-Barred**

KCPD also contends that Plaintiff's claims must be dismissed as time-barred. The Court agrees, and thus GRANTS KCPD's motion to dismiss on this ground as well.

Section 1983 takes its limitations period from the forum state's statute of limitations for personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in California, is two years. *Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir. 2004). A motion to dismiss based on the statute-of-limitations defense should be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980) (citation and internal quotation marks omitted).

Here, the alleged unlawful conduct ended December 4, 2011, nearly five years before Plaintiff filed suit. *See* FAC ¶ 4 (Mohammad alleges that he was arrested on November 16, 2004, and released from prison on December 4, 2011). Accordingly, absent a showing of some exception to the statute of limitations, Mohammad's suit is time-barred. Mohammad alleges that the limitations period has been tolled because of the "actual innocence" exception to the statute of

5

1 limitations, and because KCPD's "waived the statute of limitations" defense. FAC ¶¶ 8, 15. The Court addresses each contention in turn below.

### i. Mohammad Has Not Adequately Alleged an Entitlement to Tolling

Plaintiff summarily alleges that "KCPD-DOE waived the statute of limitations for the plaintiff to file a civil rights complaint, on the record, by notifying the plaintiff during the plaintiff's initial interrogation in the King City Police Department." *Id.* ¶ 8. In *Mohammad II*, the Court construed similar language as an attempt to allege estoppel or tolling of the limitations period, and informed Plaintiff that such summary allegations are insufficient. *See* ECF 9-1, at 3 ("Plaintiff must allege facts relating to the timing of his filing or reasons for his delay.") The Court again advised Mohammad of this in its order denying Plaintiff's application to proceed IFP. *See* ECF 9. Nevertheless, Mohammad fails to plead facts in support of tolling in his FAC. *See generally* FAC. Accordingly, the Court finds that Mohammad has not adequately alleged an entitlement to tolling.

### ii. Actual Innocence Is Unavailing

Plaintiff also alleges that he should be excused from noncompliance with the statute of limitations because he is innocent of his "alleged" offenses. FAC ¶ 15. However, Mohammad alleges no facts in support of his innocence, nor does he cite any authority that supports the application of the actual innocence doctrine to toll section 1983 claims relating to a prior confinement. Though the concept might be applicable in a habeas action, the Court finds no authority authorizing its application here. *Cf. McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) (holding that under the "fundamental miscarriage of justice" exception to the Antiterrorism and Effective Death Penalty Act limitation period, a *habeas petitioner* may pursue constitutional claims on the merits "notwithstanding the existence of a procedural bar to relief" (emphasis added)). Accordingly, the Court GRANTS Defendant's motion to dismiss on this ground.

### C. Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district

court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith, or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*; *see Grecia v. VUDU, Inc.*, No. C-14-0775, 2015 WL 538486, at *10 (N.D. Cal. Feb. 9, 2015) (denying leave to amend under factors three and five after plaintiff had 7 months in which to amend before dismissal and had filed two prior complaints).

While *Foman* factors (1), (2), (4) and (5) are not present here, factor (3) is dispositive. Despite repeated attempts at amendment, Mohammad has still failed to remedy the errors in his complaint. This is the third complaint arising from the same arrest and detention. Moreover, the Court has instructed Mohammad multiple times to cure the defects in his complaint, yet, he has failed to do so. Indeed, the FAC at issue here is defective to the same degree and in the same manner as his prior complaint in *Mohammad II*. Since Mr. Mohammad has, over the course of four years, three cases, and four motions, failed to remedy this basic error in his pleadings despite clear warnings, this Court now DISMISSES the above-titled action WITHOUT LEAVE TO AMEND.

The Clerk is instructed to close the file.

**IT IS SO ORDERED.**

Dated: June 16, 2017

_____
BETH LABSON FREEMAN
United States District Judge

7